NO. 07-04-0501-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 5, 2005
_____

RHONDA LEE ROHANE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;

NO. 3884; HON. WILLIAM D. SMITH, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Rhonda Lee Rohane (appellant) appeals from an order revoking her community supervision and ordering that she serve 18 months in a state jail facility. She had previously pled guilty to the unauthorized use of a motor vehicle and pursuant to a plea agreement was placed on community supervision. Her appellate counsel moved to withdraw and filed an *Anders*[1] brief in conjunction with that motion. In the brief, he represents that, after conducting a diligent search, he found no meritorious issues warranting appeal. Along with his brief, appellate counsel sent appellant a letter informing

_____

[1]*Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

her of his conclusions and her right to file a *pro se* response or brief. We too informed appellant, by letter, of her right to appear via a *pro se* response or brief, and we received her handwritten response on January 3, 2005. Though illegible at times, she posits reasons purportedly 1) justifying aspects of her conduct that resulted in the revocation of her probation and 2) explaining why her probation should be reinstated and why she should be allowed to leave the state.

In compliance with the principles enunciated in *Anders*, appellate counsel illustrated why the appeal was meritless. So too did he negate the viability of the only issue he thought potentially arguable. It dealt with appellant's competency. However, neither were we cited to nor did we find evidence of record illustrating incompetence or obligating the trial court to conduct a competency hearing. Moreover, the trial court inquired into appellant's competency at the plea hearing, and she indicated that she was mentally competent to enter her plea. Her trial counsel also stated that he believed appellant was competent, and the trial court so found.

In addition to reading the *Anders* brief and appellant's *pro se* response, we also reviewed the record, *sua sponte*, as required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our review of those items disclosed no error committed by the trial court or warranting reversal of its judgment.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn
Justice

Do not publish.

2